**SO ORDERED: July 27, 2011.**



_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DEREK DWAYNE LANCASTER and | ) | Case No. 09-07972-JKC-7 |
| SAMANTHA LANCASTER, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| PREMIER AG, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 09-50664 |
| | ) | |
| DEREK DWAYNE LANCASTER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Premier AG, LLC's Motion for Summary Judgment on its Complaint to Determine Debt Nondischargeable against Debtor/Defendant Derek Dwayne Lancaster.  For the reasons stated below, the Court denies the Motion.

**Facts and Procedural Background**

Premier AG, LLC ("Premier") is in the business of reselling gasoline products. One of Premier's customers was D&S United, LLC d/b/a Fruitdale Food Mart (the "Food Mart"). Debtor appears to have been the managing member of the LLC. In the ordinary course of their dealings, Premier would customarily deliver gasoline products to the Food Mart with payment made by automatic withdrawal from an account controlled by Debtor and his wife, Samantha. On three separate occasions during July and August of 2008, Premier delivered gasoline products to the Food Mart for which payment was denied due to insufficient funds in the account.

On October 9, 2008, Premier filed a Complaint against the Food Mart, Debtor and his wife in Brown Circuit Court (the "State Court Complaint"). The State Court Complaint asserted claims against the Food Mart for payment on account and for conversion and against Debtor and his wife on a personal guaranty. The Brown Circuit Court issued an Order defaulting an unnamed "defendant" on March 12, 2009. That Order was distributed only to Debtor as registered agent for the Food Mart. After a hearing on damages, the court issued a Judgment on May 7, 2009 (the "Judgment"), which stated in relevant part that:

> [D]ue to the intentional acts of the Defendant Derek Lancaster in requesting supplies and services from the Plaintiff all of which was shown to be known to the Defendant that funds were not available for payment and further the continued acts of the Defendant Derek Lancaster not honoring automatic withdrawals from the bank account as had been prior business practice the Court finds that, under the Indiana statute the Plaintiff is entitled to treble damages in the amount of $197,71.48 . . . . against Derek Lancaster.

The Judgment also awarded $4,000 in attorney fees to Premier's counsel, to be paid by Debtor. An award of $65,157.16 was also entered against Debtor's wife in favor of Premier.

Debtor and his wife filed a voluntary Chapter 7 bankruptcy petition on May 19, 2009.

Thereafter, Premier timely filed its Complaint to Determine Debt Non-Dischargeable against Debtor pursuant to 11 U.S.C. § 523(a)(2)(A). On summary judgment, Premier argues that there are no genuine issues of material fact and that it is entitled to judgment in its favor and against Debtor as a matter of law. More specifically, Plaintiffs argue that by virtue of the Judgment, Debtor is precluded from relitigating the dispositive issue presented in this proceeding–whether the subject debt arose from "fraud, false pretense or a fraudulent misrepresentation"–according to principles of *res judicata*. For the reasons stated below, the Court disagrees.

### **Discussion and Decision**

The Court first notes that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 322-23. If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986)).

A state court judgment is entitled to full faith and credit in bankruptcy proceedings. 28 U.S.C. § 1738; *Matter of Bulic,* 997 F.2d 299, 304 (7th Cir.1993). Thus, in applying the principles of *res judicata*, this Court looks to the substantive law of the state that issued the judgment, giving the state court judgment the same preclusive effect it would receive in the forum state. *See Scarborough v. Fischer (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir. 1999); *Bicknell v. Stanley*, 118 B.R. 652 (S.D.Ind.1990). There are two categories of *res judicata*: claim preclusion and issue preclusion. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Northern Indiana Pub. Serv. Co. v. Sharp*, 732 N.E.2d 848, 854 (Ind. Ct. App. 2000). Issue preclusion, also known as collateral estoppel, bars the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. *Id*. Where issue preclusion applies, the previous judgment is conclusive only regarding those issues actually litigated and determined therein. *Id.*

Collateral estoppel can be used either offensively or defensively. Offensive collateral estoppel involves a situation where the plaintiff seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party. *Bartle v. Health Quest Realty VII,* 768 N.E.2d 912, 917 (Ind.Ct.App.2002), *trans. denied*. Defensive collateral estoppel involves a situation where a defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost. *Id*. The present case involves the use of offensive collateral estoppel, as Plaintiff seeks to prevent Debtor from relitigating whether the subject debt arose from fraud, false pretenses or fraudulent misrepresentation for purposes of §

4

523(a)(2)(A).

The Indiana Supreme Court has adopted a two-prong test for the offensive use of collateral estoppel: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue; and (2) whether it would otherwise be unfair under the circumstances to permit the use of collateral estoppel. *Tofany v. N.B.S. Imaging Sys. Inc.,* 616 N.E.2d 1034, 1038 (Ind.1993). The offensive use of collateral estoppel has traditionally been viewed as somewhat more problematic than the defensive use of collateral estoppel. In *Tofany,* the Indiana Supreme Court discussed the factors to be considered in a court's determination of whether offensive collateral estoppel should be utilized:

> The trial court may consider privity, the defendant's incentive to litigate the prior action, the defendant's ability to defend the prior action, and the ability of the plaintiff to have joined the prior action. When considering the defendant's incentive to litigate, the trial court may consider the interest at stake for the defendant as well as how the defendant perceived this interest. For example, did the defendant have its most experienced litigator in the prior action or, instead, did the defendant rely on a less experienced litigator? Similarly, the trial court may consider whether the forum in which the action was defended allowed the defendant to participate in the full range of discovery. For example, was the forum inconvenient thus preventing the defendant from presenting witnesses or from taking depositions.

*Id.* at 1038-39. The Court added that these factors are not exhaustive; rather, they merely provide the framework for a court to utilize in its determinations. *Id.* at 1038.

Putting aside for a moment the issue of whether the Judgment amounts to an adjudication of the same issue presented by this § 523(a)(2)(A) case, the Court notes a significant discrepancy between what Plaintiff alleged in its State Court Complaint and the Judgment. Per the State Court Complaint, Plaintiff alleged a claim for conversion against the Food Mart, not against Debtor personally. The only claim asserted against Debtor in his individual capacity was made pursuant to a personal guaranty. In contrast to the State Court Complaint, the Judgment imposes liability, including treble damages, against Debtor individually pursuant to "the Indiana statute." The Court

5

assumes the statute referred to is Indiana's criminal conversion statute, Indiana Code § 35-43-4-3.

The State Court Complaint gave no notice to Debtor that he might be held individually liable for conversion. Rather, the claim was asserted solely against the Food Mart. Debtor may have had less incentive to litigate this issue under the belief that he would not be held personally liable for treble damages. The Court further notes that the state court's order of default is also ambiguous. It refers to an unnamed "defendant" and was served only on the Food Mart. Given these circumstance, the Court cannot conclude under *Tofany's* standard that it would be fair to permit Premier to use offensive collateral estoppel.

Furthermore, the Court cannot conclude that the Judgment is even based on fraud, false pretense or fraudulent misrepresentation. As indicated above, the State Court Complaint alleged conversion, not fraud. The Judgment, itself, refers presumably to Indiana's criminal conversion statute as the basis for treble damages. That statute provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion . . . ." *See* IND. CODE § 35-43-4-3. Liability under the statute does not require a showing of fraud in any of its various forms. While the state court uses language that is, perhaps, suggestive of a fraudulent misrepresentation, the thrust of the Judgment–including the amount of damages awarded–is for conversion. Accordingly, the Court cannot conclude that the dispositive issue presented by Premier's § 523(a)(2)(A) claim was actually litigated by the state court. Therefore, Debtor is not estopped from litigating that issue in defense of Premier's nondischargeability complaint.

For the reasons stated above, the Court denies Premier's Motion for Summary Judgment. The Court will issue a notice in the near future setting this matter for trial.

###

Distribution:

Eric N. Engebretson
Michael J. Hebenstreit
Courney E. Chilcote
Gary L. Hostetler